**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SALADIN RUSHDAN, AKA Woods,
AKA Robert Woods,

                Plaintiff - Appellant,

    v.

T. PERBULA, Counselor at CMF
Vacaville; et al.,

                Defendants - Appellees.

No. 10-16911

D.C. No. 2:06-cv-00729-GEB-
KJN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

    Saladin Rushdan appeals pro se from the district court's judgment in his 42

U.S.C. § 1983 action alleging federal and state law claims in connection with his

attempts to enforce the terms of a settlement agreement.  We have jurisdiction

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003) (failure to exhaust administrative remedies); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) ( Fed. R. Civ. P. 12(b)(6) dismissal). We may affirm on any basis supported by the record, *Valdez v. Rosenbaum*, 302 F.3d 1039, 1043 (9th Cir. 2002), and we affirm.

Dismissal of Rushdan's § 1983 claims was proper because Rushdan failed to exhaust administrative remedies as to his claims against Ramirez-Palmer, Hall, Perbula, Stratton, and Dovey. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules).

The district court properly dismissed Rushdan's state law claims for failure to allege compliance with the California Tort Claims Act as required for any civil complaint for money damages against a public entity or employee. *See* Cal. Gov't Code §§ 911.2, 945.4; *Baines Pickwick Ltd. v. City of Los Angeles*, 85 Cal. Rptr. 2d 74, 77 (Ct. App. 1999) ("[T]he claims presentation requirements are not limited to tort claims, but extend also to claims for money or damages based on contract.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Rushdan's remaining contentions are unpersuasive.

**AFFIRMED.**

10-16911